```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO


------------------------------------
                                   :
UNITED STATES OF AMERICA           :
                                   :
            Plaintiff              :
                                   :
            v.                     : 3:01-cr-00519-JAG-2
                                   : 3:19-cv-01555-WGY
DAVID RENATO NUNEZ-PEREZ(2)        :
                                   :
            Defendant              :
                                   :
------------------------------------


                    PRELIMINARY REVOCATION HEARING


     Was held Before HONORABLE U.S. MAGISTRATE JUDGE BRUCE J.

MCGIVERIN, sitting in San Juan, Puerto Rico, on July 22,

2024 at 11:00 a.m.
```

                                                                              2

1    APPEARANCES:

2

3    FOR THE GOVERNMENT:

4    LUIS ANGEL VALENTIN, AUSA

5

6    FOR THE DEFENDANT:

7    KEVIN E. LERMAN, AFPD

8    FRANCO LORENZO PEREZ-REDONDO, AFPD

9

10   FOR THE RESPONDENT:

11   DIANA ITZEL PEREZ-CARLO, ESQ.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        THE CLERK: Criminal Case 01-519, United States of
2   America versus David Renato Nunez-Perez for Preliminary
3   Revocation Hearing.  On behalf of the government is AUSA
4   Luis Angel Valentin and on behalf of defendant are AFPD
5   Franco Perez and Kevin Lerman and Civil Case 19-1555, Nunez
6   Perez v. Rolon Suarez et al for Bond Revocation hearing.
7        On behalf of defendant are AFPD Franco Perez and AFPD
8   Lerman.  On behalf of Respondent is Attorney Diana Itzel
9   Perez-Carlo.  Defendant Nunez Perez is present and is being
10  assisted by a certified court interpreter.
11       THE MAGISTRATE: Okay, good morning to everybody.
12  Good morning, Mr. Nunez.
13       THE DEFENDANT: Good morning, Your Honor.
14       MR. VALENTIN: Good morning, Your Honor.
15       MR. LERMAN: Good morning, Your Honor.
16       MR. PEREZ: Good morning, Your Honor.
17       MS. PEREZ: Good morning, Your Honor.
18       THE MAGISTRATE: I would like to start by just
19  saying procedurally what I consider before the Court.  There
20  are two cases.  They're closely related.  Actually the
21  issues I see them as exactly the same in both of them.
22       The civil case which is a State habeas case is before
23  the Court on a motion -- actually both cases are before the
24  Court on a motion alleging that Mr. Nunez has violated his
25  release conditions and in the civil case, the issue is these

1  are essentially bail conditions because he's out on bail
2  pending an appeal to the First Circuit on the habeas issue
3  and those conditions of release are essentially his
4  supervised release conditions in his federal criminal case,
5  which is 01-519 before Judge Garcia.
6      Now, the civil case is before Judge Young and when this
7  motion was filed, Judge Young referred the matter to me to
8  hold an initial and a preliminary hearing.
9      His release on bail in the civil case is governed by
10 Federal Rule of Appellate Procedure, 23 I believe.  Whereas
11 his release in his criminal case is governed by Rule 32.1 of
12 the Federal Rules of Criminal Procedure.
13     The procedure under 32.1 is very clear.  I hold a
14 preliminary revocation hearing.  If there's probable cause
15 it's sent to the presiding District Judge for final
16 revocation hearing and I see the same procedure applying in
17 the civil case since Judge Young referred this to me for a
18 preliminary hearing.
19     I understand that in both these cases my job today is
20 to first find -- determine whether there's probable cause
21 that he violated his release conditions and if probable
22 cause is found, then in both cases it will be referred to
23 the presiding District Judge, Judge Garcia in the criminal
24 case and Judge Young in the civil case to make a final
25 determination as to revocation of his bail and/or supervised

1    release.

2        So, that's the first thing I have to do, find probable
3    cause and I think if that determination, I can't see
4    how it will be different, any different in the two cases.

5        The second thing to do is if probable cause is found,
6    determine whether he should be detained pending the final
7    revocation.  Okay, that's how I see it.

8        So, let me start again by, start by asking defense, has
9    the defense received the motion filed by the Probation
10   Officer?

11           MR. LERMAN: Good morning, Judge McGiverin.  Kevin
12   Lerman for Mr. Nunez Perez.  Just a point of order, if we
13   can, before this because I think that and I think that some
14   of the legal issues, part of the reason we asked to continue
15   this hearing is because which was the last paragraph in each
16   of the motions filed in each of the unopposed motions was to
17   -- because there are some complexities about both these
18   cases and the United States is not a party and the civil
19   proceeding and the Commonwealth of Puerto Rico is not a
20   party in the criminal case.

21       So, if each prosecuting attorney is just appearing in
22   those individual cases and the minutes are consolidated for
23   record keeping purposes, we wouldn't have an issue with
24   that.

25           We would like an opportunity to raise at least a legal

1   issue related to the civil case whether this Court has
2   jurisdiction to consider sua sponte an alleged violation of
3   the conditions of release given Rule 23, which Your Honor
4   mentioned but we have spoken with both the government and
5   the attorney for the Puerto Rico Department of Justice and
6   we're all in agreement with Mr. Nunez remaining in the
7   community as on the conditions that he's already subject to.
8        We've all spoken with the Probation Officer.  He has
9   follow up appointments now that he's completed the ten day
10  in-patient program which Your Honor released him to two
11  weeks ago today and so while we would like to preserve an
12  opportunity to raise the issue because and we think its --
13  we think the Court would also wish to assess whether there's
14  jurisdiction to move forward in the civil case in light of
15  Rule 23© and (D), which would require the Respondents to
16  move for relief now.
17       I don't think they can move to revoke the writ of
18  habeas corpus because ultimately what Rule 23 does is if
19  there's a presumption of release and this was an
20  unconditional writ of habeas corpus that was granted, so
21  it's not like Mr. Nunez' Pre-trial.
22       There was a sentence that was imposed against him and
23  that sentence was vacated by Judge Young's order.  Now,
24  whether Respondents will prevail in their appeal, well, we
25  took our position in the PR and we think that the case for

1    the Rule 23© release is even stronger given that Respondents
2    don't raise any challenge whatsoever to the merits of Judge
3    Young's order and their issue comes down to an 11 day delay
4    on a non-jurisdictional time line provision.       So, we
5    are focused on the treatment priorities for Mr. Nunez who's
6    been out in the community for a year and so our application
7    would be that the Court would accept a joint motion for the
8    setting of a final revocation hearing in the criminal case
9    with Mr. Nunez remaining in the community subject to his
10   conditions and then no further proceedings or at least a
11   stay of proceedings until we have an opportunity to brief
12   whether Your Honor and whether Judge Young have jurisdiction
13   at this stage sua sponte without motion from the Puerto Rico
14   Department of Justice, without motion from Respondents to
15   reconsider the grant of the writ of habeas corpus in the
16   civil case.
17           THE MAGISTRATE: Okay, let me hear from, first from
18   the Commonwealth.
19           MS. PEREZ: Good morning, Diana Perez Carlo for the
20   government of Puerto Rico.  Judge, the Commonwealth's
21   position is that we recognize that the Court issued a ruling
22   granting release on appeal.  He's presently not under the
23   Commonwealth's custody, so our position would be to assume
24   the U.S. Attorney's position regarding the supervised
25   release conditions.

8

1        THE MAGISTRATE: All right.  So, the Commonwealth's
2   position is to defer to the United States Attorney's Office
3   in how they handle the criminal case.
4        MS. PEREZ: Yes, Your Honor.
5        THE MAGISTRATE: Okay, understood and it is the
6   Commonwealth's position that since the defendant is under
7   the custody of the United States Attorney General, then
8   you're essentially agreeing with the defense that that's the
9   Court where this game should be played.
10       MS. PEREZ: Yes, Your Honor.  Since the conditions
11  are the federal conditions, the State as the case is --
12       THE MAGISTRATE: Okay, thank you.  Thank you.  So I
13  think –
14       MR. VALENTIN: Your Honor, I'm sorry.  Can I have
15  one moment to confer with counsel?
16       THE MAGISTRATE: All right.
17       MR. VALENTIN: Thank you, Your Honor.
18       THE MAGISTRATE: Thank you.
19       MR. VALENTIN: Your Honor, as a preliminary matter,
20  I want to offer my apologies to the Court for my tardiness
21  on the matter unfortunately and regrettably was not on my
22  calendar.
23       So, I apologize to the Court.  I've already extended
24  that sincere apology to all the participants and your Deputy
25  Clerk.

1      Your Honor, as I understand this, Your Honor's question
2 is a valid one in terms of to stipulate or the probable
3 cause determination.  It would be my humble suggestion that
4 there would be a stipulation as to probable cause.
5      I believe counsel would like to speak on that and then
6 we would have, depending on that answer, we could offer
7 suggestions for bail conditions which I've conferred with
8 counsel, defense counsel that is and the Probation Officer
9 who's here present in court.
10      Without stealing the thunder of counsel, it's my
11 understanding that he's under the impression that since the
12 defendant was released and he's currently not in custody,
13 that there doesn't need to be a preliminary hearing.
14      I'm not quite sure if I'm articulating that correctly
15 but if I --
16           THE MAGISTRATE: I would tend to agree with that
17 and usually when they are released, Rule 32.1 does not
18 require a preliminary hearing.
19           MR. VALENTIN: So, having said that, I just want to
20 make sure that the notes or the docket is correct because on
21 July 8, 2024 at docket entry 183, it suggests, "after
22 hearing the argument of parties" and I'm quoting here, "the
23 Court found that the determination as to his release could
24 not be made today without hearing Respondent's position in
25 the civil matter" and then it goes on further to say, "a

1  preliminary hearing in the civil case and a bond revocation
2  hearing in that civil case is set for July 11."
3       In the meantime, Your Honor, did release the defendant
4  on July 8 with conditions which apparently he has complied
5  with, namely a ten day detox.
6       So, having appeared before Your Honor on numerous other
7  matters and on these preliminary revocation hearings, if
8  those were the conditions of release as set by the Court, in
9  good faith since he has complied with those conditions, I'd
10 be facing quite a climb to ask for his detention.
11      So, if Your Honor is of the position that there is no
12 preliminary hearing required and we're at the bail
13 conditions component, then I'm prepared to advance to the
14 Court that I've spoken to both counsel for the defendant and
15 the Probation Officer who has specifically assured me that
16 the defendant fully complied with the ten day detox program;
17 that in terms of the conditions of his continued release,
18 that the defendant has two scheduled appointments, one for
19 July 23rd and one for July 24th, namely for the follow-up
20 out-patient drug treatment and the additional
21 recommendations would be that the defendant follow any other
22 conditions and regulations as ordered at the discretion of
23 the Probation Officer.  Thank you.
24           THE MAGISTRATE: Okay, thank you.  As to the
25 setting of a preliminary hearing when he was released,

1  usually that is not done.  The circumstances of this case
2  were kind of special because we could not really make a
3  final determination without the Commonwealth's, at least the
4  way I saw it at the time, is the Commonwealth's
5  participation and so then the Court was faced with, "okay,
6  we have to have the Commonwealth here to hear from them" and
7  if the matter was that he was detained as a matter of the
8  Commonwealth, for the Commonwealth case, then he would be
9  entitled to a preliminary revocation hearing and rather than
10 detain him at that and then call him back for a preliminary
11 revocation hearing a few days later, it would be just more
12 convenient to set these two things but given the fact that
13 he is released, he's been on conditions, there's no claim
14 that he has violated those conditions, at least within the
15 last ten days or whatever it was and that no one is moving
16 to detain him at this time, then I am of the opinion that
17 Rule 32.1 does not require a preliminary hearing given these
18 circumstances and so there seems to be an agreement that he
19 be released pending, so that matter would be referred to the
20 presiding District Judge, Judge Garcia, for a final
21 revocation hearing and there seems to be agreement as to
22 conditions of release but let me hear from the defense
23 counsel just to confirm that and to reconfirm what those
24 conditions are.
25           MR. LERMAN: Yes, Your Honor, we are in agreement

12

1   as we understand that he would be returning to the same
2   conditions that Judge Young imposed last July when he issued
3   the Rule 23© order and I think that's now with the addition
4   of substance abuse treatment counseling and --
5           THE MAGISTRATE: Substance abuse testing and
6   treatment as in this -- I think that's what the government
7   wants to be sure of as being necessary by the Probation
8   Office.  Is that right?
9           MR. VALENTIN: There's also a mental health
10  component to that and a scheduled visit on July 23rd, 2024
11  as well as the other standard conditions and continued
12  employment.
13          THE MAGISTRATE: Okay, so he will attend his
14  scheduled mental health and drug treatment appointments.  He
15  will maintain employment.  Okay, so he will be released
16  under those conditions.
17      Now, as to the Commonwealth case, you know, I want the
18  minutes to be clear that the Commonwealth understands that
19  jurisdiction over this matter is now with -- in the criminal
20  case, Criminal Case 01-519, and the defense seems to be in
21  agreement with that.
22      So, that should be on the minutes if Judge Young is in
23  disagreement with that, okay, and so what I'm going to do is
24  I'm going to follow the defense's suggestion that bail
25  revocation proceedings in the civil case are stayed pending

1  the outcome of the final revocation hearing in the criminal
2  case and they're stayed until further order of the Court,
3  which of course could come from Judge Young if Judge Young
4  sees these proceedings differently than all of us apparently
5  do.
6      Okay and then obviously if the defense has some other
7  motion, you know, to file in Judge Young's case, then
8  they're free to do so.
9      MR. LERMAN: Understood, Your Honor, thank you.
10     THE MAGISTRATE: Okay.  All right.  This was a
11 little thornier than -- but I think we've untangled it to
12 everyone's satisfaction but most importantly, Mr. Nunez, you
13 have to continue to abide by your conditions of release.
14     Your attorneys have made strong arguments for your
15 health conditions and the seriousness of your health
16 conditions and the importance of your health conditions but
17 the Court will take your health conditions seriously if you
18 take them seriously and if you have certain health
19 conditions and you're using controlled substances, cocaine
20 and fentanyl in particular, then it may be harder for the
21 Court to believe that you are taking your health as
22 seriously as you need to.
23     Okay.  All right, so is there anything else as to this
24 case at this time?
25     MR. VALENTIN: Not on behalf of the government,

1   Your Honor.

2           MS. PEREZ: Not on behalf of the Commonwealth, Your
3   Honor.

4           MR. LERMAN: Not on behalf of Mr. Nunez at this
5   time, Your Honor.

6           THE MAGISTRATE: All right.  Thank you.  We will
7   break until the next case is ready.

8           (The hearing ended at 11:20 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

15

1   U.S. DISTRICT COURT)

2   DISTRICT OF PUERTO RICO)

3

4       I certify that this transcript consisting of 15 pages

5   is a true and accurate transcription to the best of my

6   ability of the proceedings in this case before the Honorable

7   Magistrate Judge Bruce J. McGiverin on July 22, 2024.

8

9

10

11

12  S/Boabdil Vazquetelles

13  Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25