IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**

**vs.**  **CASE NO.: 3:01-CR-00519-02 (JAG)**

**DAVID RENATO NUNEZ-PEREZ**

**MOTION IN COMPLIANCE WITH COURT ORDER (DKT. 327)**

TO THE HONORABLE JAY A. GARCIA-GREGORY
SENIOR UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW, Ricardo A. Carrillo-Lopez, United States Probation Officer** of this Honorable Court, presenting an official response to the Honorable Court as so ordered by the same (docket 327).

In terms of the Defense Counsel's request for modification of conditions of supervised filed to the Honorable Court (docket 326), the United States Probation and Pre-Trial Services Office for the District of Puerto Rico duly contacted the United States Probation Office for the Eastern District of New York and spoke directly with Mr. David Renato Nunez-Perez's supervising officer. According to United States Probation Officer J. Enciso, Mr. Nunez-Perez has been compliant, thus far, with the imposed conditions of supervised release. He is residing with his common-law wife, Mrs. J. Santana, and is also gainfully employed, part-time, in her cleaning business, JJ Professional Cleaning Service. Aside from this, Mr. Nunez-Perez has also tested negative to all controlled substances

on two (2) separate drug tests performed on him by the Eastern District of New York Probation Office.

Furthermore, United States Probation Officer J. Enciso, recommended that the halfway house condition in Mr. Nunez-Perez's case be suspended by the Honorable Court due to the fact that Mr. Nunez-Perez has been compliant, as mentioned above, and also due to the fact that the halfway house in the great state of New York is located in Brooklyn, which is quite a distance away from where Mr. Nunez-Perez is currently residing and working in. In United States Probation Officer J. Enciso's professional opinion, having Mr. Nunez-Perez submit to residing in the halfway house for a term of six (6) months, as per the conditions imposed by the Honorable Court, would be counterproductive at this time. With that said, the Probation Office for the District of Puerto Rico recommends that the Honorable Court suspend the following condition:

> ***The defendant shall participate in a residential reentry center (halfway house) for a period of six (6) months. He is to pay the cost of his stay at said center as established by the Federal Bureau of Prisons. He shall be placed in the correctional component of this center and will be allowed to leave for employment purposes, treatment, vocational training or GED program, and/or religious services.***

The Probation Office for the District of Puerto Rico is requesting the suspension of said condition at this time to reserve the right to request that the Honorable Court reactivate the same should Mr. Nunez-Perez incur in any form of non-compliant conduct

that might require the use of the before-mentioned condition as a corrective and assistive measure in his supervision case.

In terms of the conditions currently active and applicable in Mr. Nunez-Perez's case, which is another of the points brought forth in the Defense Counsel's motion, all currently active and applicable conditions of supervised release were ordered by the Honorable Court at the final revocation hearing held on May 9, 2025. The same are all contained in the most recent Judgement and Commitment Order (docket 317). When examined, the same states that Mr. Nunez-Perez must submit to, aside from the mandatory and standard conditions, the special condition imposed on October 18, 2002 (docket 71):

> ***If any drug test samples detect substance abuse, the defendant shall participate in a substance abuse treatment program arranged and approved by the probation officer until duly discharged by authorized programs personnel with the approval of the U.S. Probation Officer.***

As well as the special conditions imposed on that same date of May 9, 2025, which are:

1. ***The defendant shall participate in a residential reentry center (halfway house) for a period of six (6) months. He is to pay the cost of his stay at said center as established by the Federal Bureau of Prisons. He shall be placed in the correctional component of this center and will be allowed to***

*leave for employment purposes, treatment, vocational training or GED program, and/or religious services.*

2. *The defendant shall participate in an approved mental health treatment program for evaluation and/or treatment services determination. If deemed necessary, the treatment will be arranged by the officer in consultation with the treatment provider; the modality, duration, and intensity of treatment will be based on the risks and needs identified. The defendant will contribute to the costs of services rendered by means of co-payment, based on his/her ability to pay or the availability of third-party payment.*

3. *The defendant shall submit to a search of his person, property, house, residence, vehicles, papers, computer, other electronic communication or data storage devices or media, and effects (as defined in Title 18, U.S.C., Section 1030(e)(1)), to search at any time, with our without a warrant, by the probation officer, and if necessary, with the assistance of any other law enforcement officer (in the lawful discharge of the supervision functions of the probation officer) with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release. The probation officer may seize any electronic device which will be subject to further forensic investigation/analyses. Failure to submit to such a search and seizure, may be grounds for revocation. The defendant*

*shall warn any other residents or occupants that their premises may be subject to search pursuant to this condition.*

**WHEREFORE**, it is respectfully requested, unless ruled otherwise, that the Honorable Court note that the Probation Office for the District of Puerto Rico recommends the suspension of the halfway house condition currently active in Mr. David Renato Nunez-Perez's case for the reasons stated beforehand. Additionally, the Probation Office for the District of Puerto Rico respectfully clarifies, as ordered by the Honorable Court, that all currently applicable conditions of supervised release in this case are contained in the latest Judgement and Commitment Order issued on May 9, 2025 (docket 317).

In San Juan, Puerto Rico, this September 23, 2025.

Respectfully submitted,

LUIS O. ENCARNACION, CHIEF
U.S. PROBATION OFFICER

*s/Ricardo A. Carrillo-Lopez*
Ricardo A. Carrillo-Lopez
U.S. Probation Officer
Federal Office Bldg. Room 225
150 Carlos Chardón Avenue
San Juan, PR 00918-1741
Telephone: (787) 766-5596
ricardo_carrillolopez@prp.uscourts.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that today, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties in this case.

    In San Juan, Puerto Rico, this September 23, 2025.

                                        *s/Ricardo A. Carrillo-Lopez*
                                        Ricardo A. Carrillo-Lopez
                                        U.S. Probation Officer